Filed 1/12/23  P. v. Melendez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F084723 |
| Plaintiff and Respondent, | |
| v. | (Fresno Super. Ct. No. F14902295) |
| RICHARD ARMANDO MELENDEZ, JR. | OPINION |
| Defendant and Appellant. | |

### THE COURT*

APPEAL from an order of the Superior Court of Fresno County.  Jeffrey Y. Hamilton, Jr., Judge.

Kyle Gee, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

* Before Hill, P. J., Poochigian, J. and Smith, J.

Defendant Richard Armando Melendez, Jr. appeals the denial of his petition for resentencing. We affirm.

## BACKGROUND

On July 9, 2015, defendant was convicted of first degree murder and three counts of attempted murder. The jury found that defendant personally and intentionally discharged a firearm causing death in the commission of all four counts. (Pen. Code, § 12022.53, subd. (d).)[1] The jury further found that all four counts were committed for the benefit, at the direction of, or in association with a criminal street gang. (§ 186.22, subd. (b)(5).) As to the murder conviction, the jury found that the murder was intentional and perpetrated by means of discharging a firearm from a vehicle (§ 190.2, subd. (a)(21)) and was carried out to further the activities of a criminal street gang (*id*., at subd. (a)(22)).

Defendant was sentenced to 100 years to life in prison, plus a consecutive term of life without the possibility of parole. In an opinion filed October 16, 2018, this court affirmed the judgment. (*People v. Melendez* (Oct. 16, 2018, F072740) [nonpub. opn.].)

On May 4, 2022, defendant filed a petition for resentencing under section 1170.95. The People opposed the petition, arguing "defendant's murder and attempted murder convictions had nothing to do with the natural and probable consequences doctrine, … the felony murder rule, or any theory under which malice is imputed." The People also argued that defendant's jury found he acted with intent to kill/express malice.

At a hearing on July 22, 2022, the court denied defendant's petition. The court concluded that defendant "would still be convicted today under [section] 1170.95, under the newly drafted 189 of the Penal Code."

After the court ruled, defense counsel said his client was "asking the Court to reduce his restitution fine that was imposed at the time of the original sentencing." The

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

court said it did not have the authority to do that because it was not part of the limited issue presented by the 1170.95 petition.

## DISCUSSION

Though defendant is presently appealing the denial of his motion for resentencing, his sole claim is a request we reduce his $10,000 restitution fine. However, he does not provide any cogent explanation for why he would be entitled to such relief. Consequently, we deny the request.

Defense counsel also requests that this court conduct an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436. Counsel acknowledged the split of authority at the time of briefing as to whether *Wende* applies to petitions for resentencing under section 1170.95. The Supreme Court has now resolved the issue, holding that *Wende* does not apply. (*People v. Delgadillo* (2022) 14 Cal.5th 216.)

We deny defendant's request that we perform an independent review of the record.

## DISPOSITION

The order denying defendant's petition for resentencing is affirmed.